**FOLLOWAY PRODUCTIONS, INC., Appellant,**

v.

**David W. MAURER and Charles C. Thomas, Appellees.**

**No. 77–2470.**

United States Court of Appeals, Ninth Circuit.

Aug. 3, 1979.

Rehearing Denied Sept. 10, 1979.

As Amended on Denial of Rehearing Sept. 10, 1979.

R. Stephen Duke, Beverly Hills, Cal., for appellant.

J. Kirk Wood, Los Angeles, Cal., for appellees; Hill, Farrer & Burrill, Los Angeles, Cal., on brief.

Louis P. Petrich, Youngman, Hungate & Leopold, Los Angeles, Cal., for Universal City Studios, Inc., amicus curiae.

Before HUFSTEDLER and WRIGHT, Circuit Judges, and CALLISTER,* District Judge.

HUFSTEDLER, Circuit Judge:

Followay Productions, Inc. ("Followay") appeals from an order dismissing its copyright infringement action on the ground that the action could not proceed in the absence of the copyright owner, Maurer, an indispensable party over whom jurisdiction could not be obtained. Followay contends that the district court erred in refusing to join Maurer as an involuntary

---

* Honorable Marion J. Callister, United States District Judge, District of Idaho, sitting by designation.

plaintiff under *Independent Wireless Telegraph Co. v. Radio Corp. of America* (1926) 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357. We agree with the district court that *Independent Wireless* does not authorize involuntary joinder of the copyright holder or his assignee because Followay failed to carry its burden of showing that it had any protectible interest in the renewal copyright allegedly infringed.

On October 9, 1940, Maurer obtained a copyright on his work "The Big Con." The book was thereafter published in hardback and paperback through Bobbs Merrill Co. and Pocket Books, Inc. On November 29, 1952, Maurer entered a licensing agreement with Followay's predecessor in interest, Swarttz-Doniger Productions, to produce one motion picture photoplay, not to exceed three reels in length, based upon the story material contained in "The Big Con," for which it paid Maurer $300. The license also provided that, upon paying an additional $500, the licensee would have the option to consolidate the one three-reel motion picture photoplay produced under the license with other motion picture photoplays, not based upon "The Big Con," in order to produce, exhibit, and distribute a feature-length motion picture photoplay. The 1952 agreement contained no reference to any renewal rights of the 1940 copyright of "The Big Con."

Maurer's initial copyright on "The Big Con" expired in 1968. He obtained a renewal copyright in his own name on February 19, 1968. On March 14, 1973, Maurer entered into a contract assigning, in whole or in part, his interest in "The Big Con" to Thomas.

As far as the record reveals, Followay did nothing to exploit whatever rights it acquired in Maurer's initial copyright. Its interest in "The Big Con" was kindled in 1972 when Universal City Studios created a screen play allegedly based on "The Big Con," which was thereafter produced and distributed as a highly successful motion picture entitled "The Sting." Maurer and Thomas responded to "The Sting" in August, 1974, by filing a copyright infringement action against Universal City Studios, and others, in the Western District of Kentucky. Followay was aware of the Kentucky action, but it did not attempt to join it.

Followay commenced this action in the Central District of California in May, 1976, against Universal City Studios, Inc., and others, seeking an injunction and damages for copyright infringement. Annexed to the complaint as an exhibit was the 1952 contract between Swarttz-Doniger and Maurer. Recognizing that Maurer and perhaps Thomas were indispensable parties, Followay filed an amended complaint naming both as involuntary plaintiffs. Maurer and Thomas thereupon filed a Rule 12(b) motion to dismiss on the grounds that neither was amenable to *in personam* jurisdiction in California and that, in their absence, the action must be dismissed because they were indispensable parties. The district court dismissed the action, without prejudice, and Followay appeals.

Followay concedes, as it must, that the owner of a copyright is an indispensable party to an infringement action by a licensee against a stranger. The source of this concept is the ancient rule that the exclusive licensee of a patent or a copyright must bring an infringement action in the name of the owner of the patent or copyright. (*Waterman v. MacKenzie* (1891) 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923. 7 Wright & Miller, Federal Practice and Procedure (1972 ed.) § 1606, at p. 50.) When the copyright owner is not amenable to *in personam* jurisdiction of the court and when he refuses to prosecute or to join in the infringement action, the action cannot proceed unless he can be joined as an involuntary plaintiff. The circumstances under which a resisting copyright owner can be joined as an involuntary plaintiff are established by *Independent Wireless Telegraph Co. v. Radio Corp. of America, supra,* 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357. The conditions precedent to joinder are: (1) the licensee must invite the copyright holder to become a voluntary party; (2) the copyright owner must decline to take any part in the case "though he knows of its imminent pendency and of his obligation to join" (269

U.S. at 473, 46 S.Ct. at 171; (3) the plaintiff licensee must be the exclusive licensee; and (4) "there is no other way of securing justice to the exclusive licensee" than involuntary joinder (269 U.S. at 472, 46 S.Ct. at 171).

■ The *Independent Wireless* doctrine is strictly confined because its application binds the involuntary plaintiff by judgment although he did not consent to become a party and he could not have been served with process in the jurisdiction in which the action was brought. "The doctrine can properly be applied only where there is such a relationship that the absent party must allow the use of his name as plaintiff." (3A Moore's Federal Practice (2d ed. 1978) ¶ 19.-06, p. 19–96.) The Supreme Court itself indicated the narrowness of the doctrine by requiring that it could not be applied unless there was "no other way of securing justice to the exclusive licensee." (269 U.S. at 472, 46 S.Ct. at 171.) Federal Rules of Civil Procedure, Rule 19(a) is not an expansion of *Independent Wireless*. (*Caprio v. Wilson* (9th Cir. 1975) 513 F.2d 837. *See also* 7 Wright & Miller, *supra* (1977 Supp.) § 1606.)

■ The motion to dismiss filed by Maurer and Thomas was a challenge based on lack of personal jurisdiction over them.[1] When a plaintiff seeks to maintain an infringement action, under *Independent Wireless,* and for that purpose seeks to join the non-consenting copyright holder as an involuntary plaintiff, the plaintiff has the burden of proving the conditions precedent to joinder when the party involuntarily joined challenges jurisdiction over him. (*Cf. McNutt v. General Motors Acceptance Corp.* (1936) 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135; *Data Disc, Inc. v. Systems Technology Associates, Inc.* (9th Cir. 1977) 557 F.2d 1280, 1285.)

Followay adequately established that Maurer and Thomas declined its invitation to join the action voluntarily. It cannot prevail because it failed to establish, even *prima facie,* that it had any interest in the renewal copyright, let alone an exclusive license in that copyright. Although Followay's amended complaint contains conclusory averments that it is the sole and exclusive licensee of the renewal copyright, the contract that it attached to the complaint refutes its conclusions. That agreement is completely silent about any rights in a renewal term copyright. An author's renewal interest in his copyright, under the Copyright Act of 1909 with which we are here concerned, is not merely an extension of the initial term copyright. It is a "new grant." (*E. g., Epoch Producing Corp. v. Killiam Shows, Inc.* (2d Cir. 1975) 522 F.2d 737; *G. Ricordi & Co. v. Paramount Pictures, Inc.* (2d Cir. 1951) 189 F.2d 469. *See also Fred Fisher Music Co. v. M. Witmark & Sons* (1943) 318 U.S. 643, 653, 63 S.Ct. 773, 87 L.Ed. 1055.) The renewal copyright is a "separate interest distinct from the original copyright." (*Edward B. Marks Music Corp. v. Charles K. Harris Music Pub. Co.* (2d Cir. 1958) 255 F.2d 518, 521; *Epoch Producing Corp. v. Killiam Shows, Inc., supra,* 522 F.2d at 743.)

" '[A] general transfer by an author of the original copyright without mention of renewal rights conveys no interest in the renewal rights without proof of a contrary intention.' *Edward B. Marks Music Corp. v. Charles K. Harris Music Pub. Co., supra,* 255 F.2d at 521." (*Epoch Producing Corp. v. Killiam Shows, Inc., supra,* 522 F.2d at 747.) "[A]n assignment by the author of his 'copyright' in general terms did not include conveyance of his renewal interest." (*Fred Fisher Music Co. v. M. Witmark & Sons, supra,* 318 U.S. at 653, 63 S.Ct. at 777.)

Followay had the burden of showing, at least *prima facie,* that it was an exclusive

---

1. We recognize, of course, that the absence of an "indispensable" party is ordinarily not a "jurisdictional" defect. In the usual case, the court will have jurisdiction of the subject matter and of the existing parties as to whom it has power to make a judgment affecting their interests. It has no jurisdiction of the absentee, and it cannot enter a legally binding judgment against him. The court will decline to exercise jurisdiction, however, because the absence of the indispensable party prevents an adjudication equitable to all persons involved. (*See, e. g.,* 3A Moore's Federal Practice, *supra,* ¶ 19.-05[2], pp. 19–85 *et seq. Tryforos v. Icarian Development Co., F.A.,* (7th Cir. 1975) 518 F.2d 1258.)

licensee of the renewal copyright. The license upon which it relied was a general transfer of the original copyright, and it made no mention of a renewal right. In order to withstand the jurisdictional attack, Followay, by affidavits or by testimony, had to offer at least some evidence that Maurer intended to convey to Followay's predecessor in interest an exclusive license with respect to its renewal rights. (*Cf. Epoch Producing Corp. v. Killiam Shows, Inc., supra,* 522 F.2d at 747; *Data Disc, Inc. v. Systems Technology Associates, Inc., supra,* 557 F.2d at 1285.)

Finally, Followay failed to make any showing that it could protect whatever rights it claimed in the renewal copyright solely by prosecuting this action in California and in joining Maurer and Thomas as involuntary plaintiffs. Nothing in the record suggests that it could not have fully vindicated its rights in the Kentucky litigation brought by Maurer and Thomas against Universal City Studios.

The district court properly granted the motion to dismiss for want of jurisdiction over Maurer and Thomas and in dismissing the action, without prejudice, for failure to join indispensable parties.

AFFIRMED.