**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AHAB JOSEPH NAFAL, | No. 12-55615 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-06238-SVW-PJW |
| v. | |
| JAY Z; et al. | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted December 17, 2013[**]

Before:      GOODWIN, WALLACE, and GRABER, Circuit Judges.

Ahab Joseph Nafal appeals pro se from the district court's judgment

dismissing his copyright infringement action.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo, *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d

1152, 1159 (9th Cir. 2012), and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly held that the Copyright Act of 1909 governs Nafal's claim because the musical composition for which Nafal claims to own an exclusive license was created in or around 1957, before the effective date of the Copyright Act of 1976. *See Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 876 (9th Cir. 2005); *Dolman v. Agee*, 157 F.3d 708, 712 n.1 (9th Cir. 1998). Therefore, the district court properly dismissed this action because Nafal failed to join the copyright owners as required under the Copyright Act of 1909. *See Followay Prods., Inc. v. Maurer*, 603 F.2d 72, 74-75 (9th Cir. 1979) (stating that "the owner of a copyright is an indispensable party to an infringement action by a licensee"); *Cable Vision, Inc. v. KUTV, Inc.*, 335 F.2d 348, 353-54 (9th Cir. 1964) (stating that "an exclusive licensee may not alone maintain an infringement action" and must "join[] the copyright owner").

We deny as moot defendants' motions for judicial notice, filed on December 21, 2012, because the district court in the instant action granted judicial notice of these documents, and they are already part of the record.

**AFFIRMED.**