R. W. SIMS, Trustee and R. W.
Sims Trust

v.

MACK TRUCKS, INC.

Civ. A. No. 75–985.

United States District Court,
E. D. Pennsylvania.

Feb. 19, 1976.

John A. Young, Fort Wayne, Ind., for
plaintiffs.

Jon A. Baughman, Pepper, Hamilton
& Scheetz, Philadelphia, Pa., for defend-
ant.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.
Defendant has moved to dismiss this
patent infringement action for lack of an

indispensable party pursuant to Fed.Rule Civ.Pro. 19(b). In its motion, defendant alleges that plaintiffs are not the legal titleholders of the patent in question, having sold it to Beta Corporation. Defendant argues that under 35 U.S.C. § 281,[1] only the legal titleholder may bring a suit for infringement of the patent and that, therefore, we must dismiss this action. We agree.

■ In their complaint, plaintiffs allege that they are the owners of United States Patent No. 2,859,949. Defendant, however has submitted a copy of a contract entered into between plaintiff R. W. Sims as trustee of the R. W. Sims trust and Beta Corporation.[2] The contract is titled "Contract for Sale and Assignment of U. S. Patent No. 2,859,949."

Preliminarily, we note that this contract has been the subject of litigation in two other courts. In the first, *Moran Tank Co., Inc. v. Beta Corporation,* Civil No. 217850 (Dist.Ct.Utah 1975), a Utah state district court determined that royalty payments for the patent at issue were due Beta and not Sims. In the second *Sims v. Beta Corporation,* Civil No. C 75–163 (D.Utah 1976), a Utah federal district court determined that Beta had breached the contract of sale between it and Sims and that Sims was still the legal titleholder of the patent. We asked the parties to the present action to brief the issue of the applicability of res judicata or collateral estoppel. We are satisfied that neither principle applies to this case.

■ Res judicata may be asserted to bar relitigation of an issue already decided in another case based on the same cause of action, between the same parties or other parties in privity with the same parties, and resulting in a final judgment. 1B J. Moore, *Federal Practice* ¶ 0.401. It is clear that the doctrine

cannot be asserted here since neither of the previous cases involved the same parties (Sims and Mack Trucks) or the same cause of action (patent infringement) present here.

■ The doctrine of collateral estoppel has a broader scope. In this circuit, there are three requirements for its application: (1) the issue decided in the previous case must be the same as the issue in the present action; (2) the previous litigation must have concluded with a final judgment on the merits; and (3) the party against whom the estoppel is asserted must have been a party, or in privity with a party, to the earlier case. *Scooper Dooper, Inc. v. Kraftco Corp.,* 494 F.2d 840 (C.A. 3, 1974).

It is apparent that the Utah federal district court judgment that Sims is the legal titleholder of the patent may not collaterally estop Mack Trucks here since Mack was not a party to that action and, therefore, had no opportunity to litigate the issue of legal title. In addition, we note that the court's conclusion that Sims is the legal titleholder was unnecessary for its determination that Beta had breached the contract. Indeed, it is illogical to conclude, as did the Utah federal court, both that Beta is liable to Sims for the purchase price *and* that Sims still retains the legal title. Thus, that court allows Sims both to retain title and receive payment.

As to the Utah state court judgment, we are not satisfied that that court made any determination as to legal title. Rather, the court merely concluded that under the contract the royalty payments were due Beta and not Sims. The court made no explicit finding on the issue of legal title.

Therefore, we do not apply either the doctrine of res judicata or collateral estoppel to this case. We must determine the issue of legal title ourselves, bearing

---

1. "A patentee shall have remedy by civil action for infringement of his patent."

2. Fed.Rule Civ.Pro. 12(b) specifically allows us to consider matters outside the pleading in ruling on a motion to dismiss for failure to state

a claim. It is clear that we may also consider such matters on a 12(b)(7) motion to dismiss for failure to join a party under Rule 19. 2A J. Moore, *Federal Practice* ¶ 12.09[3] (2d ed. 1975).

in mind that Beta's alleged breach is not before us. We are concerned only with the terms of the contract entitled "Contract for the Sale and Assignment of U. S. Patent No. 2,859,949" entered into between Sims and Beta, to which we now turn.

Paragraph 2 of the contract states that:

"The subject-matter of this Contract of Sale which the Seller hereby sells to the Buyer and which the Buyer hereby purchases from the Seller, consists of the following described property rights and rights and causes of action:

"(A) U. S. letters patent No. 2,859,-949."

This language is as plain as language can be; plaintiffs have sold the patent at issue here.

■ Plaintiffs argue, however, that paragraph 6 of the contract indicates that this contract is merely an agreement to assign the patent and does not constitute an actual transfer of title. Paragraph 6 states:

"The Seller shall execute to and in favor of Beta Corporation, an assignment of said letters patent within one month following execution of this agreement. Said assignment of patent shall be placed in escrow at such institution designated by both parties, to be delivered to Beta Corporation for recordation in the United States Patent Office when the Buyer shall have paid in full the unpaid balance of the purchase price. Until payment in full of the unpaid balance of the purchase price, Buyer shall have no right to mortgage, pledge or hypothecate said letters patent."

Plaintiffs claim that Beta has not paid the purchase price and that there has been no assignment as contemplated by this provision. Therefore, plaintiffs argue, they still retain legal title to the patent.

■ This provision, however, does not alter our conclusion that Beta is the legal titleholder of the patent. An "agreement must be construed according to what it does rather than what it says." *Merck & Co. v. Smith,* 261 F.2d 162, 164 (C.A. 3, 1958). The failure of plaintiffs to execute an assignment to Beta is analogous to a failure to record an assignment in the Patent Office. Legal title may pass despite the failure to record. *See, e. g., John Tuman & Sons, Inc. v. Basse,* 113 F.2d 928 (C.A. 2, 1940). We interpret paragraph 6 of the contract between Sims and Beta as a mere formality designed to guarantee payment and to facilitate recordation of the assigned patent. In any case, in light of the express language of paragraph 2, the ambiguous wording in paragraph 6 cannot be construed to have reserved legal title of the patent to plaintiffs.

■ Nor can plaintiffs support their standing to bring this action on the basis of paragraph 8 of the contract. Paragraph 8 provides, in part:

"In the event Buyer shall neglect to bring any action for patent infringement while there remains an unpaid balance of the purchase price, in order to protect the security of the Seller, the Seller may bring such patent infringement suit in the name of Seller notwithstanding it might be on a cause of action constituting part of the subject matter of this sale."

Plaintiffs apparently no longer contend that this provision may validly allow one who is not a legal titleholder to bring a patent infringement action. In *Crown Die & Tool Co. v. Nye Tool & Machine Works,* 261 U.S. 24, 43 S.Ct. 254, 67 L.Ed. 516 (1923), the Court denied the validity of an agreement to assign the right to sue a specific infringer. *See also Agrashell, Inc. v. Hammons Products Co.,* 352 F.2d 443, 446 (C.A. 8, 1965). ("The fact that the agreement gives Agrashell a right to sue in its own name is without significance. Ownership of the patent is a requisite to the right to sue for infringement.")

Therefore, since plaintiffs are not the legal titleholders who alone may maintain suit for patent infringement, we must dismiss the action.