**CILCO, INC., Plaintiff,**

v.

**COPELAND INTRALENSES, INC., Defendant.**

**No. 84 Civ. 7872 (PKL).**

United States District Court, S.D. New York.

July 29, 1985.

Shea & Gould, New York City (Peter C. Neger, New York City, of counsel), for plaintiff.

Engel & Mulholland, New York City, Meals & Parks, Atlanta, Ga. (Robert P. Knapp, III, New York City, Larry Chesin, Atlanta, Ga., of counsel), for proposed involuntary plaintiffs Jensen and Fetz.

Kenyon & Kenyon, New York City (Kenneth E. Madsen, New York City, of counsel), for defendant.

LEISURE, District Judge:

Plaintiff Cilco brought this patent infringement suit in October 1984, naming as defendants Copeland Intralenses, Inc., Ronald P. Jensen and James G. Fetz. Jensen and Fetz were served with the complaint, but were not subject to the in personam jurisdiction of this Court. In December 1984, Jensen and Fetz and Cilco entered into a stipulation by which Cilco dismissed the action against Jensen and Fetz without prejudice. Each party expressly reserved its rights to raise any appropriate claims and defenses in later proceedings.

This case concerns Copeland's alleged infringement of two patents relating to intraocular lenses. Patent number 3,994,027 (the "'027 patent"), issued on November 30, 1976, covers a "prepupillary lens for implanting in the human eye," a device invented by Jensen and Fetz. Jensen and Fetz had assigned their interest in the '027 patent to Cilco prior to its issuance. The other patent in issue here, number 4,104,-339 (the "'339 patent"), was issued on August 1, 1978. It covers a "method for the manufacture of intraocular lenses," also invented by Jensen and Fetz. Jensen later assigned his one-half interest in the '339 patent to Cilco. Fetz remains record owner of the other one-half interest.

The '027 and '339 patents have spawned an impressive amount of litigation. This action is one of a number of infringement suits brought by Cilco in various District Courts around the country against alleged infringers of the two patents. Infringement is not the only subject of litigation with respect to the '027 and '339 patents.

Currently pending in the Central District of California is a dispute over ownership of the patents, pitting Jensen and Fetz against Cilco. In that litigation, *Jensen and Fetz v. Cilco, Inc.*, Civil Action No. 81–3392–LTL (Mx) (C.D.Cal.), Jensen and Fetz claim that ownership of the patents reverted to them as a result of Cilco's alleged failure to pay royalties due them under the agreements by which they originally assigned the patents to Cilco. Thus, they claim, Cilco's manufacture, sale and use of lenses infringes their patents. They seek a declaration of infringement and damages. Cilco in that action asserts that the patents are invalid; and if they are not invalid, then Cilco is not infringing them.

Cilco has moved to join Jensen and Fetz as involuntary plaintiffs in this litigation. It reasons as follows. Jensen and Fetz are indispensable parties in this case since a patent infringement suit can be brought only by the full ownership of the patent.[1] Here, Fetz is record owner of a half-interest in the '339 patent, and between them, Jensen and Fetz have asserted the entire ownership of both patents. Cilco, for its part, claims ownership of the '027 patent and half-ownership of the '339 patent. So ownership of the patents is in dispute. Thus, to ensure that the full ownership of the patents is suing to redress the alleged infringement by Copeland, it is necessary to join Jensen and Fetz as plaintiffs.

Fed.R.Civ.P. 19(a) provides that in "a proper case," an indispensable party who "should join as a party but refuses to do so" may be made an involuntary plaintiff. Assuming for the sake of argument, without so deciding, that Jensen and Fetz are indispensable to the maintenance of this action, the issue before me is whether this case is a "proper" one for joinder of involuntary plaintiffs.

■ The drafters of Rule 19(a) did not specify what would make a case "proper" for joinder of an involuntary plaintiff. The Advisory Committee Notes simply cite *Independent Wireless Telegraph Co. v. Radio Corp. of Am.*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926), as an example of a proper case.[2] *Independent Wireless* was an infringement suit brought by Radio Corporation ("RCA"), which held the exclusive license to manufacture, use and sell the patented device for commercial purposes. The defendant also held a license in the patent, but its license was solely for use for amateur and experimental purposes. When RCA filed suit, it asked the patent owner to join as plaintiff, but the owner refused. RCA thereupon named the owner an involuntary plaintiff. In sustaining the involuntary joinder, the Supreme Court emphasized "the obligation the owner is under to allow the use of his name and title to protect all lawful exclusive licensees and sub-licensees against infringers." *Id.*, 269 U.S., at 473, 46 S.Ct. at 171.

■ It is clear from the cases which followed *Independent Wireless* that a person may be joined as an involuntary plaintiff only where he has an obligation to participate in the suit. *Caprio v. Wilson*, 513 F.2d 837 (9th Cir.1975). *See also Sheldon v. West Bend Equip. Corp.*, 718 F.2d 603, 606–07 (3d Cir.1983). That obligation has been found to arise in two types of cases. One way it may arise is by the

1. *Waterman v. MacKenzie*, 138 U.S. 252, 11 S.Ct. 334, 31 L.Ed. 923 (1891); *Willingham v. Star Cutter Co.*, 555 F.2d 1340, 1343 (6th Cir.1977); *Agrashell, Inc. v. Hammons Prods. Co.*, 352 F.2d 443, 446 (8th Cir.1965); *Switzer Bros., Inc. v. Byrne*, 242 F.2d 909 (6th Cir.1957); *Hurd v. Sheffield*, 181 F.2d 269, 271 (8th Cir.1950); *Valutron, N.V. v. NCR Corp.*, 99 F.R.D. 254 (S.D. Ohio 1982); *Rainbow Rubber Co. v. Holtite Mfg. Co.*, 20 F.Supp. 913, 914 (D.Md.1937).

2. The involuntary plaintiff procedure as set forth in Rule 19 and *Independent Wireless* comes into play only if the party to be joined is not subject to the Court's jurisdiction. If proper service is possible, the party should be served as a defendant, and the Court will later realign the parties as necessary. *Independent Wireless*, 269 U.S., at 468, 46 S.Ct. at 169. If he is not amenable to service, the plaintiff must request that he voluntarily join the suit. Only if he is asked and refuses and the case is a proper one (as discussed in the text of this order), may he be involuntarily joined as a plaintiff pursuant to Rule 19(a). *See Sheldon v. West Bend Equip. Corp.*, 718 F.2d 603, 606 (3d Cir.1983).

owner granting an exclusive license to a licensee. When a patent owner grants such a license, he holds the patent in trust for the licensee and must permit the licensee to sue in his name. *Independent Wireless* at 469; *Collins v. Hupp Motor Car Corp.*, 22 F.2d 27, 31 (6th Cir.1927). It is because of the trust relationship and the concomitant obligation of the owner to the licensee that involuntary joinder is permitted. *See, e.g., Ferrara v. Rodale Press, Inc.*, 54 F.R.D. 3 (E.D.Pa.1972) (copyright).

■ The obligation may also arise by contract among co-owners. As a general rule, because each co-owner has an unfettered right to grant licenses without the others' consent and without obligation to account for profits, 35 U.S.C. § 262 (1982), co-owners are considered to have opposing interests. Each is at the mercy of the other. *See Willingham v. Star Cutter Co.*, 555 F.2d 1340, 1344 (6th Cir.1977); *Gibbs v. Emerson Elec. Mfg. Co.*, 29 F.Supp. 810, 811–12 (W.D.Mo.1939). A holder of an undivided fractional interest may agree by contract, however, that his co-owners may sue infringers without him. In *Willingham, supra,* for example, Willingham conveyed to Star a one-third interest in a patent he owned. The agreement by which the interest was conveyed provided that either co-owner could, in its sole discretion if the other owner after notice of the suit refuses to join, prosecute suits against infringers. The Sixth Circuit held that, by that agreement, Star had waived its objections to involuntary joinder and thus had an obligation to permit Willingham to use its name in an infringement suit. *Accord Valutron, N.V. v. NCR Corp.*, 99 F.R.D. 254 (S.D.Ohio 1982).

■ Clearly no such obligation exists in this case. If Jensen's and Fetz's claims to ownership of the patent are without merit, then Cilco owns all of the '027 patent and a half-interest in the '339 patent. Cilco then could not join Jensen because he would be a stranger to the litigation; Cilco would own the entire '027 patent as well as Jensen's former share of the '339 patent. It could not join Fetz because Fetz as co-owner of the '339 patent owes no obligation to Cilco, whether trust-based or contractual, which would justify an involuntary joinder. On the other hand, if their claims are valid, then they together would own the entire patents. Cilco then could not join them involuntarily because it would have no right to be suing for infringement in the first place. In fact, Cilco would itself be an infringer. So on any view of the facts involuntary joinder is not justified. Indeed, all that would be accomplished by an involuntary joinder is that the dispute between the two inventors and Cilco, which is pending in California, would be duplicated here. I decline to waste judicial resources in that manner.

Cilco's motion is denied.

SO ORDERED.