**JTG OF NASHVILLE, INC.**

v.

**RHYTHM BAND, INC.**

No. 3-87-0337.

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 4, 1988.

Mark J. Patterson, Manier, Herod, Hollabaugh & Smith, Nashville, Tenn., for plaintiff.

Lin S. Howard, Atty., Harwell, Martin & Stegall, Nashville, Tenn., William T. Wofford, Wofford, Fails & Zobal, Fort Worth, Tex., for defendant.

## MEMORANDUM

WISEMAN, Chief Judge.

This matter is before the Court on defendant's motion to dismiss for failure to join an indispensable party. Defendant, Rhythm Band, Inc. (RBI), is a non-Tennessee corporation with its principal place of business in Fort Worth, Texas. RBI manufactures and markets a line of children's musical instruments under the registered trademark, "Kidsplay." Plaintiff, JTG of Nashville, Inc. (JTG), is a Tennessee corporation with its principal place of business in Nashville. JTG seeks monetary and injunctive relief from defendant for unfair competition, trademark infringement, false designation of origin under 15 U.S.C. § 1125(a), and violation of Tennessee's Plug Mold statute, § 47–50–111.[1]

This dispute arises out of the admitted similarity between defendant's "Kidsplay" instruments and the "Bambina" product line.[2] Plaintiff alleges that it is the exclusive distributor in the United States of the "Bambina" line, and that Zen-on Music, Ltd., of Tokyo, Japan, (Zen-on), is the creator, manufacturer, and seller of the line.[3]

---

1. Plaintiff properly alleges diversity jurisdiction under 28 U.S.C. § 1332(a). It further appears that this Court has jurisdiction under 28 U.S.C. § 1338.

2. *See* answer at ¶ 11.

3. The "Bambina" line includes products known as "Monkey Jingle," "Froggy Maracas," "Ducky Castanets," "Happy Bear Tambourine," and "Myna Bird Whistle." Amended Complaint at ¶ 3.

Plaintiff further alleges that, because of extensive advertising and distribution by plaintiff of "Bambina" products, and because of each product's unique and distinctive appearance, "their appearances constitute trademarks owned by Zen-on and/or plaintiff, the rights to which plaintiff is entitled to protect in this country." [4] As of yet, Zen-on has not joined JTG in pursuing this action.

The issue facing this Court on defendant's motion is whether Zen-on is a necessary party to JTG's action against RBI. In other words, assuming JTG is entitled to initiate and direct litigation in this country to protect the trademark rights in the names and appearances of the products constituting the "Bambina" line, may it do so without joining Zen-on as a party. Obversely, assuming Zen-on refuses to join voluntarily, upon what grounds, if any, might this Court be justified in compelling joinder of Zen-on.

This issue is somewhat more delicate than counsels' briefs would suggest. Traditionally, it is up to potential plaintiffs whether to decide to attempt to vindicate their rights by initiating litigation. Furthermore, the general practice is to give the plaintiff the right to decide the parties to the lawsuit. To compel joinder of Zen-on would impinge upon both of these prudent judicial traditions, either of which should be compromised only where there exist significant countervailing considerations. *See* C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 1602 (2d ed. 1986).

In determining whether particular circumstances necessitate carving out an exception to the traditional right of the plaintiff to control and choose parties to litigation, this Court draws its guidance from Fed.R.Civ.P. 19(a). *See also Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970). The Rule states:

**Joinder of Persons Needed for Just Adjudication**

4. *Id.* Documentary evidence suggests that both plaintiff's status as exclusive distributor and contractual arrangements with Zen-on underlie

**(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff....

This rule does not set forth a rigid or mechanical formula for decision. *E.g., Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 116 n. 12, 88 S.Ct. 733, 741 n. 12, 19 L.Ed.2d 936, 949 n. 12, (1968); *Smith v. United Broth. of Carpenters, etc.*, 685 F.2d 164 (6th Cir.1982); *Boles v. Greeneville Housing Auth.*, 468 F.2d 476, 478 n. 3 (6th Cir.1972). Rather, it is designed to encourage courts to apprise themselves of the "practical considerations" of each individual case in light of the policies underlying the rule. *See Provident Tradesmen*, 390 U.S. at 116 n. 12, 88 S.Ct. at 741 n. 12; *Smith*, 685 F.2d at 166; *Hutcheson v. T.V.A.*, 604 F.Supp. 543, 547 (M.D.Tenn.1985) (Wiseman, C.J.); *Babcock v. Maple Leaf, Inc.*, 424 F.Supp. 428, 431 (E.D.Tenn.1976). Such considerations include the defendant's interest in wishing to avoid multiple litigation or inconsistent obligations, *e.g., Provident Tradesmen*, 390 U.S. at 110, 88 S.Ct. at 738; the parties' interest in complete and effective adjudication, *see, e.g., Hutcheson*, 604 F.Supp. at

its claim that it is entitled to protect the trademark rights at issue in this dispute.

547; absentees' interests in protecting rights which may be affected by the judgment, *e.g., N.L.R.B. v. Doug Neal Mgmt. Co.,* 620 F.2d 1133, 1139 (6th Cir.1980); and the public interest in judicial economy.[5] In short, Rule 19 provides criteria for determining whether an unjoined party is sufficiently related to or has a sufficiently substantial interest in the litigation, so that a court should not proceed in the party's absence to a decision on the merits. *Boles,* 468 F.2d at 478.

Courts have held consistently that the owner of allegedly infringed intellectual property rights is a person needed for just adjudication under Rule 19. This rule has been applied most often in patent and copyright infringement actions. For example, in *Willingham v. Star Cutter Co.,* co-owners of a patent had executed an agreement giving either co-owner the unilateral right to file suit against an infringer. 555 F.2d 1340, 1341–42 (6th Cir.1977). One owner elected to exercise that right, and joined the other as an involuntary plaintiff. Finding that it was a party needed for a just adjudication, the court held that Rule 19 required the continued joinder of the unwilling owner as an involuntary plaintiff. *Id.* at 1343–46. Likewise, the court in *Valutron, N.V. v. NCR Corp.* applied *Willingham* to a situation where minority owners of a patent had executed an agreement giving up the right to enforce and license the patent. 99 F.R.D. 254, 255–56 (S.D. Ohio 1982). It held that the minority owners must be joined to an infringement action by the majority owner, and permitted the plaintiff to amend its complaint accordingly. *Id.* at 256–57. *See also, e.g., Waterman v. Mackenzie,* 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891); *Switzer Bros. v. Byrne,* 242 F.2d 909 (6th Cir.1957); *First Fin. Mkt. Serv. Group, Inc. v. Field*

*Prom., Inc.,* 286 F.Supp. 295, 298 (S.D.N.Y. 1968).

Although few courts have addressed the issue of joinder in trademark actions, the same general rules applied in patent and copyright cases should be employed here. Wright, Miller & Kane, Federal Practice and Procedure § 1614; *Pure Food Prod., Inc. v. American Bakeries Co.,* 176 U.S.P.Q. 233, 234 (N.D.Ill.1972). The reasons for doing so have been articulated quite sensibly by the court in *Association of Co-op Members v. Farmland Indus., Inc.:*

> [T]he licensor of a trademark is usually treated as a necessary or indispensable party in an infringement action by its licensee. *Pure Food Products, Inc. v. American Bakeries Co.,* ND Illinois 1972, 176 USPQ 233. Sound reasons support this rule.

\* \* \* \* \* \*

> The licensor of a trademark that is the subject of an infringement action by a licensee falls squarely within the language and policy of [Rule 19]. As owner of the mark, the licensor has a legally protected interest in the subject matter of the action. [Citations omitted.] A judgment for the alleged infringer, whether based on a finding that the licensed mark is not a valid trademark or that the defendant's mark does not infringe it, may prejudice the licensor's rights in his own mark. A judgment for the plaintiff-licensee could result in double obligations for the defendant, should the licensor subsequently sue on his own.

684 F.2d 1134, 1143 (5th Cir.1982). *See also Discount Muffler Shop, Inc. v. Meineke Realty Corp., Inc.,* 535 F.Supp. 439, 448 (N.D.Ohio 1982) (owner of trademark is indispensable to action for infringement).

---

**5.** Notably, the policy of balancing efficiency and fairness to the parties permeates the Federal Rules of Civil Procedure. As was stated in *U.M. W. v. Gibbs,* "Under the Federal Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218, 227 (1966) (footnote omitted).

Specifically addressing joinder of parties, Prof. John McCoid has argued that considerations of efficiency and avoiding multiplicity must be balanced against due process concerns of jurisdiction and notice, and that Rule 19 properly forces such balancing to take place early in the litigation process. *See* McCoid, A Single Package for Multiparty Disputes, 28 Stan. L.Rev. 707 (1976).

Indeed, a practical analysis of the instant case indicates that under Rule 19 Zen-on is needed for a just adjudication. Balanced against the traditional right of the plaintiff to "control" the litigation and determine the parties to the action are three primary interests: (1) the interest of Zen-on in avoiding the estoppel effect of a judgment in which it did not participate and which declares the trademarks invalid; (2) the interest of RBI in avoiding multiple suits concerning the same basic facts; and (3) the public interest in efficiently husbanding judicial resources. *Cf. Willingham*, 555 F.2d at 1344.

■ An adverse decision against JTG may prejudice Zen-on's ability to protect its rights in the "Bambina" trademarks. It is at least arguable that the decision in *Blonder–Tongue Laboratories, Inc. v. University of Ill. Found.*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1970), or traditional principles of privity and res judicata or collateral estoppel, may estop Zen-on from pursuing a subsequent infringement claim in the event JTG is unsuccessful. *See Willingham*, 555 F.2d at 1344–45. Indeed, it is not necessary, under Rule 19, that Zen-on would be bound by the judgment in a technical sense, but is enough that as a practical matter its rights will be affected. *N.L.R.B. v. Doug Neal*, 620 F.2d at 1139. As the court in *Boles* stated:

> ... the interests of an unjoined party are especially vulnerable in that they are not vigorously asserted by counsel before the court. As a result it is possible that the true nature and extent of these interests may not be explored until after they are irreparably prejudiced.

*Boles*, 468 F.2d at 479 n. 3; *N.L.R.B. v. Doug Neal*, 620 F.2d at 1139. Thus, Zen-on is subject to a substantial risk of being prejudiced by a decision in which its interests were not fully explored. The fact that JTG may already be asserting Zen-on's interests to some extent does not obviate the need for joinder. *N.L.R.B. v. Doug Neal*, 620 F.2d at 1139.

■ Of course, it may be argued that Zen-on will not be bound by a judgment against JTG. Assuming without deciding that this argument is correct, the defendant's interests step into the analysis. Although the court is confident that relief could be shaped to avoid multiple liability on the part of RBI, it cannot alleviate the risk of prejudice to Zen-on without increasing defendant's risk of inconsistent obligations. Furthermore, regardless of whether Zen-on would be successful in a subsequent suit, RBI would be placed in the unenviable and expensive position of defending two different suits arising out of essentially the same set of facts.

This possibility also implicates the public interest in the efficient use of judicial resources. Subsequent litigation by Zen-on would likely require re-litigation of issues raised between the instant plaintiff and defendant, RBI. Even assuming, in the event JTG succeeds in the first action, that such repetition could be avoided by allowing Zen-on to use offensively claims of res judicata or collateral estoppel, separate proceedings concerning the nature and extent of relief would be necessary. Such a separation of claims arising out of a common set of facts is plainly less efficient than joinder, and inconsistent with the general thrust of the Federal Rules of Civil Procedure. *Cf. U.M.W. v. Gibbs*, 383 U.S. at 724, 86 S.Ct. at 1138.

■ For the foregoing reasons, this Court holds that under Rule 19 Zen-on is needed for a just adjudication of JTG's action against RBI. Defendant argues that such a conclusion mandates dismissal for failure to join an indispensable party. A proper analysis under the rule, however, demonstrates that joinder, not dismissal, is appropriate in this instance. This is clear from the Advisory Committee's Note to the 1966 revision of Rule 19(a):

> Whenever feasible, the persons materially interested in the subject of an action ... should be joined as parties so that they may be heard and a complete disposition made.
>
> \* \* \* \* \* \*

If a person as described in subdivision (a)(1)(2) is amendable to service of process and his joinder would not deprive

the court of jurisdiction ... he should be joined as a party; and if he has not been joined, the court should order him to be brought into the action....

*See also Willingham,* 555 F.2d at 1345–46. Only where joinder is not feasible will the question of the party's indispensability arise.[6] *See, e.g.,* Wright, Miller & Kane § 1604; 3A Moore's Federal Practice ¶ 19.07–Z[0]. In this instance, joinder of Zen-on is plainly feasible, and should therefore be accomplished.

 The parties will note that this Court has ordered Zen-on to be served as a party defendant in the event it does not join voluntarily. This is not an "appropriate case" for naming Zen-on as an involuntary plaintiff. The involuntary plaintiff rule is reserved for situations where, *inter alia,* the absentee is not amenable to *in personam* jurisdiction of the court and not subject to service of process. *See Independent Wireless Teleg. Co. v. Radio Corp. of Amer.,* 269 U.S. 459, 469–73, 46 S.Ct. 166, 169–71, 70 L.Ed. 357 (1926); *Followay Prod., Inc. v. Maurer,* 603 F.2d 72, 74 (9th Cir.1979); Notes of Advisory Committee to Rule 19(a) (1966 rev.). This doctrine is to be strictly confined. *E.g., Followay Prod.,* 603 F.2d at 75. In this instance, Zen-on does not appear to present jurisdictional problems and is amenable to service of process according to the Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Nov. 15, 1969 (Hague Service Convention), [1969] 20 U.S.T. 361, T.I.A.S. No. 6638. Therefore, the involuntary plaintiff rule is inappropriate. In the event it is necessary, JTG shall join Zen-on as an additional party defendant.[7]

Accordingly, this Court denies defendant's motion to dismiss for failure to join an indispensable party. Although Zen-on is needed for a just adjudication of this dispute, joinder of Zen-on is feasible. Thus it is ordered that, in the event Zen-on fails to join voluntarily in the time afforded by the accompanying Order, plaintiff shall serve Zen-on as an additional party defendant.

### ORDER

In accordance with the accompanying Memorandum, defendant's motion to dismiss for failure to join an indispensable party is denied. However, Zen-on Music Co., Ltd., shall have thirty (30) days from the date of this Order to file a notice of appearance as an additional party plaintiff to this action. Should this not take place, plaintiff shall have thirty (30) days in which to serve Zen-on as additional party defendant. Plaintiff is further directed to serve a copy of this Order on Zen-on.

In the event Zen-on and plaintiff fail to comply with this Order, this Court shall reconsider defendant's motion to dismiss for failure to join an indispensable party.

---

6. A person is "indispensable" when it cannot be made a party and, upon consideration of the factors in Rule 19(b), the court determines that in the party's absence it is desirable to dismiss the action, rather than retain it. *Neighborhood Devel. Corp. v. Advisory Council on Hist. Preserv., etc.,* 632 F.2d 21, 24 n. 4 (6th Cir.1980).

7. Of course, once Zen-on is served, it may raise objections, if any, to its joinder. Likewise, upon joinder of Zen-on as a defendant, this Court may use its discretion to realign Zen-on as a party plaintiff.