NEWMAN, Circuit Judge,
dissenting.
The court today holds that Federal Rule of Civil Procedure 19 uniquely does not apply in patent cases. The panel majority holds that although the co-owner of the patent here in suit is an indispensable party to this infringement suit, the co-owner cannot be joined under Rule 19, and thus the patent cannot be enforced. This holding is contrary to not only Rule 19, but to precedent. I respectfully dissent.
Joinder of Necessary Parties
The University of New Mexico, together with Sandia Corporation, are co-owners of the '998 patent. Unless coowners have agreed otherwise, by statute each co-owner has the right to make, use, and sell the patented subject matter, as well as to alienate its interest in whole or in part. See 35 U.S.C. § 262 (“Joint Owners”).
Also by statute: “A patentee shall have remedy by civil action for infringement of his patent.” 35 U.S.C. § 281 (“Remedy for Infringement of Patent”). Precedent establishes that all entities with the right to enforce the patent are necessary parties to an action for enforcement; the purpose is to shield the accused infringer from multiple suits, as well as to resolve all potential claims efficiently and fairly. Entities with enforcement rights who do not voluntarily join in such suit “must” be joined involuntarily, as provided by Federal Rule of Civil Procedure 19(a) (“Required Joinder of Parties”).
Departing from this clear and compulsory procedure, the panel majority holds that co-owner Sandia cannot be involuntarily joined with the University in this infringement suit, thus preventing the University from enforcing the patent, for Sandia is a necessary party. That holding is not correct. When a party declines voluntarily to join in a legal action for which it is deemed necessary, involuntary joinder is provided by Federal Rule 19.[1] The panel majority’s *948 ruling that joinder under Rule 19 does not apply to co-owners of a patent unless the co-owners had previously agreed to joinder is contrary to law.
A
Federal Rule 19(a) provides for the involuntary joinder of a necessary party. It is not disputed that Sandia is a necessary party, and that Sandia is within the court’s personal jurisdiction, with appropriate venue. Rule 19 requires joinder:
Rule 19. Required Joinder of Parties
(a) Persons Required to be Joined if Feasible.
(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) In that person’s absence, the court cannot accord complete relief among existing parties; or
(B) That person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person’s absence may:
(i) as a practical matter impair or impede the person’s ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
Rule 19 is hot permissive; the word “must” is used in both subsections (1) and (2).
Rule 19 was adopted in 1937, succeeding the joinder provisions in the Federal Equity Rules of 1912. Professors Wright & Miller state that the “most typical application” of Rule 19(a) is in patent and copyright contexts. See 7 Charles Alan Wright et al., Federal Practice and Procedure § 1606 (3d ed.2013).
The underlying concern in patent cases arises from the right of a holder of an undivided interest to enforce the patent. In Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891), the Supreme Court reiterated the principle that all entities with the right of enforcement must join in such suit. In Independent Wireless Telegraph Co. v. Radio Corp. of America, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926), the Court discussed joinder of indispensable parties:
The presence of the owner of the patent as a party is indispensable, not only to give jurisdiction under the patent laws, but also in most cases to enable the alleged infringer to respond in one action to all claims of infringement for his act....
Id. at 468, 46 S.Ct. 166. The Court explained that if the patent owner cannot be joined as a defendant, it can be joined as an involuntary plaintiff. Id. at 472, 46 S.Ct. 166. This principle is explicit in Rule 19(a)(2).
Rule 19 was elaborated in 1966, the Advisory Committee Note emphasizing avoiding “repeated lawsuits on the same essential subject matter”:
*949 Whenever feasible, the persons materially interested in the subject of the action ... should be joined as parties so that they may be heard and a complete disposition made.
Extensive scholarship had elaborated these principles. See, e.g., Developments in the Law-Multiparty Litigation in the Federal Courts, 71 Harv. L.Rev. 877, 881-85 (1958) (discussing the principles supporting compulsory joinder: to avert unfairness to the defendant, the effect on absentee property interests, and to achieve finality of disputed issues); see also Note, Indispensable Parties in the Federal Courts, 65 Harv. L.Rev. 1050, 1052 (1952) (“The classic test for determining indispensability in the federal courts is that laid down one hundred years ago by the Supreme Court in Shields v. Barrow: indispensable parties are ‘Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.’ ”).
In United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Court discussed joinder and its embodiment in the Federal Rules:
Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.
Id. at 724, 86 S.Ct. 1130. In Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), the Court reiterated the obligation of the courts to provide efficient adjudication of disputes, stating that Rule 19 serves “the interest of the courts and the public in complete, consistent, and efficient settlement of controversies,” by authorizing joinder of all parties with an interest, as well as requiring the joinder of all necessary parties.
B
These principles are beyond debate. They have been applied in a wide variety of circumstances, under the aegis of Rule 19. Following is a sampling from the other federal circuits, illustrating the breadth with which joinder has been administered and the solidity of its principles. E.g., Pujol v. Shearson/Am. Express, Inc., 877 F.2d 132, 134 (1st Cir.1989) (“[W]hen applying Rule 19(a), a court essentially will decide whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party.”); Schlumberger Indus., Inc. v. Nat’l Sur. Corp., 36 F.3d 1274, 1286 (4th Cir.1994) (“In determining whether a party is necessary and, then, indispensable, the court must consider the practical potential for prejudice in the context of the particular factual setting presented by the case at bar.”); Atlantis Dev. Corp. v. United States, 379 F.2d 818, 824 (5th Cir.1967) (involuntary joinder is favored by “the great public interest, especially in these explosive days of ever-increasing dockets, of having a disposition at a single time of as much of the controversy to as many of the parties as is fairly possible consistent with due process”).
A Sixth Circuit case dealt with the procedure whereby a patent co-owner could sue for infringement. In Willingham v. Star Cutter Co., 555 F.2d 1340 (6th Cir.1977), the court stated the issue as “whether a co-owner could authorize by contract another co-owner to file suit for patent infringement without the permission of the first co-owner, in an action in which the unwilling co-owner is joined as an involun *950 tary plaintiff under Rule 19.” Id. at 1348. The court held that if the unwilling co-owner “is amenable to service of process and his joinder would not deprive the court of jurisdiction in the sense of competence over the action, he should be joined as a party; and if he has not been joined, the court should order him to be brought into the action.” Id. at 1346.
Although it is not disputed that Sandia is an indispensable party to the University’s infringement suit, I point out that the Federal Circuit has held that whether a party is indispensable is a matter of regional circuit law. See Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc., 142 F.3d 1266 (Fed.Cir.1998) (determining whether a subsidiary was an indispensable party in a declaratory judgment action for invalidity and non-infringement). In Turner v. Brookshear, 271 F.2d 761 (10th Cir.1959), that court stated:
Prior to the adoption of Rule 19(a) ... it was well settled that an indispensable party is one who has such an interest in the subject matter of the controversy that a final decree cannot be rendered between the other parties to the suit without affecting his interest, or without leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience. Rule 19(a) did not change the former rule.
Id. at 764. Whether Federal Circuit or Tenth Circuit law is applied, the result is the same: Sandia as co-owner with enforcement rights is an indispensable party to this infringement suit, and joinder is required as a matter of the procedural law embodied in Rule 19 and in precedent. Joinder of an indispensable party does not require a prior agreement to join, whether the parties are co-owners or patentee-li-censee.
C
Until today, the Federal Circuit has been in accord with the Supreme Court’s and the regional circuits’ consistent judicial view of Rule 19. In AsymmetRx, Inc. v. Biocare Medical, LLC, 582 F.3d 1314, 1321 (Fed.Cir.2009), we considered a complex of licensing arrangements, and held that patentee Harvard College was a necessary party for “the purpose of Rule 19 to avoid multiple suits or incomplete relief arising from the same subject matter is best served by joinder ... which would permit the relationships between Asym-metRx, Biocare, and Harvard to all be resolved at the same time as well as solve the standing problem.”
In University of Utah v. Max-Planck-Gesellschaft Zur Forderung Der Wissenschaften E.V., 734 F.3d 1315 (Fed.Cir.2013), the court discussed joinder under Rule 19 in an action to correct inventor-ship, where patent ownership and interested parties included a state university and several foreign entities. Amid issues including Eleventh Amendment immunity and representation of foreign owners, the court considered issues of joinder in the context of “the proposition that a ‘patent owner is an indispensable party who must be joined’ ” in an infringement suit. Id. at 1326 (quoting Alfred E. Mann Found, for Sci. Research v. Cochlear Corp., 604 F.3d 1354, 1359 (Fed.Cir.2010)).
In Abbott Laboratories v. Diamedix Corp., 47 F.3d 1128, 1133 (Fed.Cir.1995), the court held that the patentee must be permitted to join as a party plaintiff in a suit by the licensee, stating that “Rule 19(a) provides that a person who can be joined as a party should be joined if (1) the person’s absence would make it impossible to grant complete relief to the parties.... ” The court observed that “[t]he purpose of rule 19 [is] to avoid multiple suits or in *951 complete relief arising from the same subject matter.” Id.
There is no support, in law of logic or justice, for today’s holding that the co-owner of a patent cannot be involuntarily joined in an infringement suit and can thereby, by its absence, bar the suit. The two cases on which the panel majority relies do not support the majority’s position; indeed, these cases comport with the contrary position.
The first case relied on by the panel majority is Schering Corp. v. Roussel-UCLAF SA, 104 F.3d 341, 344 (Fed.Cir.1997), involving a dispute between patent co-owners Schering and Roussel. Co-owner Schering sued Zeneca for infringement, and two weeks later co-owner Roussel granted a license to Zeneca. Schering argued that the terms of the co-ownership agreement, which gave each coowner the right to sue infringers and required each coowner to provide “reasonable assistance,” prevented Roussel from licensing infringer Zeneca. This court held that the agreement did not deprive Roussel of the right to grant a license to Zeneca, but that the license grant was not retroactive and that “one co-owner cannot deprive the other co-owner of the right to sue for accrued damages for past infringement,” id. at 345. No aspect of the Schering decision, even in dictum, supports today’s ruling that Sandia cannot be joined under Rule 19 in the University’s infringement suit.
The panel majority also seeks support in Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456 (Fed.Cir.1998). However, that case presented no dispute as to involuntary joinder, and raised no question of applicability of Rule 19. The issue in Ethi-con was whether Mr. Young Jao Choi, who contributed to two of the fifty-five patent claims, thereby became co-owner of the patent -with the full right to grant a license to all fifty-five claims. All parties stipulated to Choi’s joinder as a defendant-intervenor, a status reflected in the official caption. The court’s ruling in Ethicon was not concerned with involuntary joinder, but with the licensing authority of this asserted coinventor.
The Ethicon court remarked that a co-owner can “impede” the other co-owner’s infringement action. 135 F.3d at 1468. Indeed it can, for when Mr. Choi was ratified as co-owner he did “impede” the infringement action by granting a license to the accused infringer. The impedance was not due to non-joinder, but to Choi’s license to U.S. Surgical. Ethicon did not involve Rule 19 or any aspect of joinder, and provides no support for today’s ruling that co-owner Sandia cannot be involuntarily joined.
Departing from precedent, the panel majority proposes to restrict Rule 19 in patent cases, and proposes that a patent co-owner cannot be involuntarily joined in an infringement suit unless the co-owner had previously contracted to join in any infringement suit. The panel majority offers the anomalous rationale that when an infringement suit is brought by an exclusive licensee, the patent owner can be joined; but when an infringement suit is brought by a co-owner, the other co-owner cannot be involuntarily joined. No precedent supports this theory.
By refusing to apply Rule 19(a) and refusing to join co-owner Sandia, the panel majority deprives co-owner the University of judicial determination of the asserted infringement, thwarting the processes of law. I respectfully dissent.

. The Federal Rules are adopted by Congress and have the force of law. 28 U.S.C. § 2072; *948 Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 406-07, 130 S.Ct 1431, 176 L.Ed.2d 311 (2010); 4 Charles Alan Wright et al., Federal Practice and Procedure § 1030 (3d ed.2002).