LALANCE & GROSJEAN MFG. CO. et al. v. HABERMAN MFG. CO.

SAME v. MATTHAI et al.

(Circuit Court, S. D. New York. April 11, 1901.)

PATENTS—INFRINGEMENT—ACTION FOR DAMAGES—CO-COMPLAINANTS—SETTLE-MENT BY ONE—EFFECT.

A co-complainant and co-owner of a patent cannot defeat the other's right to recover in a suit for infringement by its execution of a sole license and release pendente lite to the defendant.

In Equity.

Walter D. Edmonds, for complainant Lalance & Grosjean Mfg. Co.

Louis Marshall, for defendants.

COXE, District Judge. The identical question is involved in each of these actions. That question is clearly and fairly stated in the complainants' brief as follows: "Whether one of co-complainant co-owners of a patent can by its sole license and release pendente lite defeat the other's right to recover in their suit of infringement." The answer, so far as the right to recover damages is concerned, must be in the negative upon the authority of the decision of Judge Lacombe rendered in those actions upon a motion to dismiss the bills. Lalance & Grosjean Mfg. Co. v. Haberman Mfg. Co. (C. C.) 93 Fed. 197. The testimony since taken in no manner affects the question of law then presented. The facts are the same, the argument is the same and the court is the same. The opinion says:

"It is not thought that the execution of an assignment and a release by one of the joint owners destroys the co-owner's right to recover his damages from the defendant. To so hold would be to push the supposed analogy to the law of real property altogether too far. * * * Upon the precise question now presented, viz.: the power of one co-owner to destroy the other's accrued right to damages, the opinion of Romilly, M. R., cited on complainants' brief (In re Horsley & Knighton's Patent, L. R. 8 Eq. 475), seems to characterize the proposition quite correctly as 'a violation of the fundamental principles of law, and contrary to natural justice.'"

This decision, made after elaborate argument and careful consideration, is controlling now. The Lalance & Grosjean Company and the St. Louis Company entered upon these suits to accomplish a common purpose and gain a common advantage. Every step was the subject of conference and joint agreement. Each corporation contributed to the expense and the suits were prosecuted by a lawyer who had for years acted as their counsel in other matters, possessing the confidence and respect of both. In such circumstances, for one of the complainants without the knowledge of the other to settle with the defendants for $20,000 and refuse to give the other complainant a dollar seems, in the language just quoted, "contrary to natural justice." Indeed, all parties appear to be in accord upon this proposition. Mr. Niedringhaus, who has indemnified the defendants and who must pay whatever the Lalance & Grosjean Company recovers, contributed a few years ago to a suit brought against an infringer upon a patent owned by that company. The suit resulted in a recovery and, although the sum contributed by him was repaid, he insisted upon his right to share in the full amount recovered. He testifies as follows:

"I was a party to the suit in that I contributed half of the expense as I went along and that fact I think entitles me to one-half of the recovery. * * * As a matter of fair, honest, dealing between men I think under these circumstances I am entitled to half of that money, because that is a common business principle if we divide the losses we will also divide the gains."

A division of the gains in the present instance would result in a payment of $15,000 to the Lalance & Grosjean Company. There should be the usual decree for an accounting.

It would seem that the Lalance & Grosjean Company cannot recover more than a moiety of the amount reported by the master, but this question need not be decided at present. It can be left until the settlement of the decree or even until the final decree.