ETHICON, INC. and Inbae
Yoon, M.D., Plaintiffs,

v.

UNITED STATES SURGICAL
CORPORATION and Young
Jae Choi, Defendants.

No. B:89CV386 (RNC).

United States District Court,
D. Connecticut.

Feb. 10, 1997.

---

Kaare Phillips, Grais & Phillips, New York City, special master.

Thomas W. Pippert, David F. Dobbins, Jeffrey I.D. Lewis, Kim Sweet, John M. Di-Matteo, Erik Haas, Patterson, Belknap, Webb & Tyler, New York City, Eric Harris, Harman A. Grossman, Johnson & Johnson, New Brunswick, NJ, Dion W. Moore, Elizabeth Jane McBride, Peter D. Clark, Williams, Cooney & Sheehy, Bridgeport, CT, for Ethicon, Inc.

Thomas W. Pippert, David F. Dobbins, Jeffrey I.D. Lewis, Kim Sweet, John M. Di-Matteo, Erik Haas, Eric Harris, Harman A. Grossman, Dion W. Moore, Elizabeth Jane McBride, Peter D. Clark, Patrick E. Gonya, Jr., Fowler, White, Burnett Hurley Banick & Strickroot PA, Miami, FL, for Yoon.

Paul F. Thomas, Jacob D. Zeldes, Frank J. Silvestri, Jr., Zeldes, Needle & Cooper, Bridgeport, CT, Clark E. Walter, Bradford J. Badke, Harvey Kurzweil, Dewey Ballantine, New York City, Sanford M. Litvack, The Walt Disney Company, Burbank, CA, Beverly Stauffer Knapp, Westport, CT, for U.S. Surgical Corp.

### RULING AND ORDER ON DEFENDANTS' MOTION TO DISMISS

CHATIGNY, District Judge.

Defendant United States Surgical Corporation (USSC) and intervenor-defendant Young Jae Choi have moved to dismiss the complaint of plaintiffs Ethicon, Inc. and Inbae Yoon, M.D., which charges USSC with infringing U.S. Patent No. 4,535,773 (the '773 Patent). The motion is based on the court's order granting USSC's motion to correct the '773 patent to add Choi as a coinventor, Choi having previously granted USSC an exclusive license, retroactive to the date the '773 patent was issued to Yoon, to make and sell the inventions covered by the patent. *Ethicon, Inc. v. U.S. Surgical Corp.*, 937 F.Supp. 1015 (D.Conn.1996).

Plaintiffs oppose dismissal of their complaint on the grounds that (1) Choi's licensing agreement with USSC does not encompass the claims of the patent USSC is charged with infringing; (2) dismissal of the complaint would be inequitable because Choi is not a coinventor of those claims; and (3) a co-owner's grant of a retroactive license does not protect the licensee against liability to another co-owner for past infringement.

After careful consideration of the parties' briefs and oral arguments, I conclude that dismissal is appropriate.

■ The terms of the agreement between Choi and USSC reflect a mutual intention to create the broadest possible license. Plaintiffs' contention that the agreement should be interpreted to encompass fewer than all the claims of the '773 patent contradicts their own previous position in this litigation, advanced numerous times in writing, that the agreement encompasses all of Choi's rights under the patent. Moreover, plaintiffs' revisionist interpretation is contrary to Choi's unequivocal testimony, both in his affidavit and at the hearing on the motion to dismiss, that he intended to license all his rights under the '773 patent to USSC. Given Choi's testimony, no reasonable person could conclude that his agreement with USSC covers less than all his rights.

Dismissal of the complaint based on Choi's licensing agreement with USSC does not result in injustice to either plaintiff. Yoon argues that giving effect to Choi's agreement with USSC would be unjust because, had Bushnell known about Choi's inventive contributions before he filed the application for the '773 patent, he would have deleted the claims as to which Choi was arguably a coinventor. *See* Pls.' Mem. In Opp'n to Defs.'

Mot. for J. ("Pls.' Mem.") at 17–18. However, the reason Bushnell didn't know about Choi's inventive contributions is that Yoon didn't tell him. Yoon claimed the benefit of Choi's inventive contributions while causing Bushnell to believe that any contribution Choi might have made was limited to that of a draftsman. *See Ethicon,* 937 F.Supp. at 1023.

Yoon's failure to disclose Choi as a coinventor was a breach of his informal partnership agreement with Choi, which governed their collaboration on the safety trocar project. *See Ethicon,* 937 F.Supp. at 1022. Pursuant to that agreement, Yoon had a duty to inform Choi of his intention to file a patent application and to share any profits on any patentable product. Yoon's breach deprived Choi of an opportunity to assert and protect his interest in the matter before the application was filed and the patent was issued. *Id.* at 1038. Equity will not aid a wrongdoer whose predicament is of his own making, as Yoon's is here.

Ethicon argues that giving effect to Choi's agreement with USSC would undermine the value of its investment in safety-shielded trocars. *See* Pls.' Mem. at 19. However, Ethicon will be able to continue to sell safety-shielded trocars, which have already accounted for more than $300 million in revenues for the company. *See* Defs.' Mem. in Further Support of M. for J. at 29.

■ Turning to the plaintiffs' remaining argument in opposition to the motion to dismiss, it is well settled that, in the absence of an agreement to the contrary, one co-owner of a patent cannot sue a third party for infringement unless all other co-owners of the patent voluntarily join the suit. *See Cilco, Inc. v. Copeland Intralenses, Inc.,* 614 F.Supp. 431, 434 (S.D.N.Y.1985) (co-owner cannot be made involuntary plaintiff in infringement suit unless it has previously agreed to give other co-owner unilateral right to sue). In the absence of such an agreement between Yoon and Choi, Choi can protect USSC against plaintiffs' infringement suit simply by declining to consent to further prosecution of the suit. Plaintiffs cite no authority that would permit them to proceed with their suit against USSC without Choi's consent.[1]

Plaintiffs argue that allowing Choi to deprive them of a right to sue USSC for accrued damages for past infringement would be contrary to the Federal Circuit's recent decision in *Schering Corp. v. Zeneca Inc.,* 104 F.3d 341 (Fed.Cir.1997).[2] However, that case is clearly distinguishable. The issue in *Schering* was whether a unilateral right to sue granted by a co-ownership agreement limited the right of either co-owner to license third parties. The court did not address the issue whether, in the absence of such an agreement, one co-owner may sue a third party for infringement without the consent of another co-owner. Indeed, the court noted that, as a general proposition, "unless the co-owner has given up these rights through an 'agreement to the contrary,' 35 U.S.C. § 262, the co-owner may not be prohibited from exploiting its rights in the patent, including the right to grant licenses to third parties on whatever conditions the co-owner chooses." *Id.* at 344.[3]

1. Plaintiffs cite Fed.R.Civ.P. 19 for the proposition that a nonconsenting co-owner can be joined as an involuntary plaintiff. However, they do not deny that, as a matter of substantive law, a co-owner of a patent cannot sue for infringement without the consent of all other co-owners.

2. Plaintiffs point to the following language in *Schering*:
   [T]he grant of a license by one co-owner cannot deprive the other co-owner of the right to sue for accrued damages for past infringement. That would require a release, not a license, and the rights of a patent co-owner, absent agreement to the contrary, do not extend to granting a release that would defeat an action by other co-owners to recover damages for past infringement. *See Lalance & Grosjean Mfg. Co. v. Haberman. Mfg. Co.,* 107 F. 487 (C.C.S.D.N.Y.1901); *Lalance & Grosjean Mfg. Co. v. Haberman Mfg. Co.,* 93 F. 197, 198–99 (C.C.S.D.N.Y.1899) (one co-owner lacks "the power ... to destroy the other's accrued right to damages").
   *Id.* at 345.

3. Plaintiffs' reliance on *Lalance & Grosjean Mfg. Co. v. Haberman Mfg. Co.,* 107 F. 487 (C.C.S.D.N.Y.1901), and *Molinari v. Rockwell Int'l,* No. 75–169 (D.Del. Oct. 21, 1977) is similarly misplaced. Both cases involved co-owners who jointly pursued infringement litigation. In each case, one co-owner sought to limit recovery by the other, either by reaching an independent

**54**

Permitting Choi to deprive Ethicon and Yoon of their claim against USSC for patent infringement is arguably inconsistent with the public interest in promoting investment in patented inventions. *Cf. Merchant v. Levy*, 92 F.3d 51, 57 (2d Cir.1996) (Newman, J.) (dismissing complaint for declaration of copyright co-ownership based on statute of limitations "promotes principles of repose integral to a properly functioning copyright market"). However, 35 U.S.C. § 256 does not limit the time during which the inventorship of an issued patent can be corrected by a court. *See Advanced Cardiovascular Systems, Inc. v. SciMed Life Systems, Inc.*, 988 F.2d 1157, 1162 (Fed.Cir.1993). "Section 256 thus serves the public policy of preserving property rights from avoidable forfeiture. *See Henderson v. Carbondale Coal & Coke Co.*, 140 U.S. 25, 33, 11 S.Ct. 691, 694, 35 L.Ed. 332 (1891) ('[F]orfeitures are never favored. Equity always leans against them, and only decrees in their favor when there is full, clear and strict proof of a legal right thereto.')." *Stark v. Advanced Magnetics, Inc.*, 29 F.3d 1570, 1573 (Fed.Cir.1994). By preserving the interests of omitted coinventors against such forfeiture, § 256 encourages joint inventorship and full disclosure to the Patent and Trademark Office.

Accordingly, defendants' motion for entry of a judgment dismissing the complaint is hereby granted.

So ordered.

settlement (*Lalance*) or by granting a retroactive license to the alleged infringer (*Molinari*). In both instances, the courts concluded that the agreement to pursue the infringement litigation jointly precluded one co-owner from limiting the right of the other co-owner to damages for infringement.