ORDER
PER CURIAM.
A petition for rehearing en banc was filed by plaintiff-appellant STC.UNM, and a response thereto was invited by the court and filed by defendant-appellee Intel Corporation. The petition for rehearing en banc and response were referred to the panel that heard the appeal, and thereafter, the petition for rehearing en banc and response were referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A poll was requested, taken, and failed.
Upon consideration thereof,
It is ordered that:
(1) The petition for panel rehearing is denied.
(2) The petition for rehearing en banc is denied.
(3)The mandate of the court will issue on September 24, 2014.
DYK, Circuit Judge, with whom MOORE and TARANTO, Circuit Judges, join, concurs in the denial of the petition for rehearing en banc.
NEWMAN, Circuit Judge, with whom LOURIE, O’MALLEY, and WALLACH, Circuit Judges, join, dissents from the denial of the petition for rehearing en banc.
O’MALLEY, Circuit Judge, with whom NEWMAN, LOURIE, and WALLACH, Circuit Judges, join, dissents from the denial of the petition for rehearing en banc.
DYK, Circuit Judge, with whom MOORE and TARANTO, Circuit Judges, join, concurring in the denial of the petition for rehearing en banc.
In my view, en banc review is properly denied. The panel decision here in no way departs from the proper construction of Rule 19.
Rule 19(a) provides the procedural mechanism by which a party can join necessary parties. It applies if, “in [a] person’s absence, the court cannot accord complete relief among existing parties .... ” Fed.R.Civ.P. 19(a)(1). It goes on to provide that: “If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.” Fed.R.Civ.P. 19(a)(2).
Rule 19 by its terms presupposes the existing parties’ substantive entitlement to “relief’ from another source of law. It therefore does not authorize compulsory *1353 joinder when the plaintiff has no substantive right to relief without the consent of that person, i.e., where the right can be asserted only jointly, not unilaterally by the plaintiff. In that situation, without the absent person’s consent, the existing plaintiff has no right to “relief’ to which Rule 19 applies.
A contrary view of Rule 19 would overstep the boundaries of congressional authorization. Procedural rules cannot be used to abridge, enlarge, or modify any substantive right. 28 U.S.C. § 2072; see also Amehem Prods., Inc. v. Windsor, 521 U.S. 591, 613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (“[Rjules of procedure ‘shall not abridge, enlarge or modify any substantive right.’ ” (quoting § 2072)). Where, as here, there is a substantive right not to join in the assertion of the plaintiffs claim, Rule 19(a) does not apply. Applying the Rule both to compel joinder as a party and on that basis to allow assertion of the infringement claim, as STC.UNM argues, would abridge the rights of the joined party and enlarge the rights of the initial plaintiff.
In other contexts, courts have read Rule 19 as authorizing involuntary joinder of plaintiffs only if the proposed plaintiff is substantively obligated to join. Caprio v. Wilson, for example, explained that join-der of involuntary plaintiffs was intended for circumstances in which there was a trust relationship between the plaintiff and involuntary co-plaintiff, obligating the involuntary co-plaintiff to allow its name to be used in the suit. 513 F.2d 837, 839-40 (9th Cir.1975). When that trust or contractual relationship is lacking, courts have declined to allow plaintiffs to involuntarily join other plaintiffs. See, e.g., Diagnostic Unit Inmate Council v. Films, Inc., 88 F.3d 651, 654 (8th Cir.1996) (Arkansas Department of Corrections could not be joined as involuntary plaintiff under Rule 19(a) because it “has no obligation, contractual or otherwise, to allow the inmates to use its name to secure declaratory judgment relief’ in copyright infringement action); Caprio, 513 F.2d at 839-40 (Post Office could not be joined as involuntary plaintiff because there was no trust relationship between appellant and the Post Office who each had an “independent right”); Coast v. Hunt Oil Co., 195 F.2d 870, 871-72 (5th Cir.1952) (no involuntary joinder of partner with 51% interest under Rule 19(a)).
For these reasons, the decision in this case fully comports with Rule 19. That Rule, as its authorizing statute requires, directs the inquiry to the nature of the underlying substantive rights. It does not alter the scope of those rights. It is substantive patent law, not Rule 19, that answers the dispositive question here: whether one co-owner may unilaterally enforce a patent, without the consent of other co-owners.
As to that underlying substantive-rights question, precedent has long provided a clear answer. This court has consistently recognized that the substantive right to enforce the patent does not belong unilaterally to each co-owner, but requires all of the co-owners’ agreement, so that each co-owner has a substantive right not to be involuntarily joined in a patent infringement suit without such agreement. See, e.g., Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456, 1468 (Fed.Cir.1998), cert. denied, 525 U.S. 923, 119 S.Ct. 278, 142 L.Ed.2d 229 (1998) (“[A]s a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs in an infringement suit.”); Schering Corp. v. Roussel-UCLAF SA, 104 F.3d 341, 345 (Fed.Cir.1997) (“Ordinarily, one co-owner has the right to impede the other co-owner’s ability to sue infringers by refusing to voluntarily join in such a suit.” (citing *1354 Willingham v. Lawton, 555 F.2d 1340, 1344 (6th Cir.1977))); DDB Techs., L.L.C. v. MLB Advanced Media, L.P., 517 F.3d 1284, 1289 n. 2 (Fed.Cir.2008) (“[W]e have explicitly held that Rule 19 does not permit the involuntary joinder of a patent co-owner in an infringement suit brought by another co-owner.” (citing Ethicon, 135 F.3d at 1468)); Taylor v. Taylor Made Plastics, Inc., 565 Fed.Appx. 888, 889 (Fed.Cir.2014) (“If any co-owner should refuse to join as a co-plaintiff, the suit must be dismissed for lack of standing.”) (citation omitted); Israel Bio-Eng’g Project v. Amgen, Inc., 475 F.3d 1256, 1264-65 (Fed.Cir.2007) (“Absent the voluntary joinder of all co-owners of a patent, a co-owner acting alone will lack standing.”) (citation omitted); Gal-Or v. U.S., 470 Fed.Appx. 879, 884 (Fed.Cir.2012) (same).
The panel dissent and the dissents from the denial of rehearing en banc do not point to any case law that, contrary to this consistent line of precedent, imposes a substantive obligation on a patent co-owner to consent to the assertion of an infringement claim or, therefore, to join an infringement suit absent an agreement or implied agreement to join. Case law indicating that Rule 19 is available to an owner to join a co-owner under circumstances in which there is an agreement by the co-owner to join,[1] or available to someone who, by agreement, is an exclusive licensee,[2] only underscores the importance of absent owners’ consent to joinder. Under circumstances in which a plaintiff has a contractual right to unilaterally enforce the patent, Rule 19 unremarkably allows that plaintiff to join involuntary plaintiffs. Without agreement, no precedent has held that a co-owner may be involuntarily joined.[3]
Section 262 as long construed provides a foundation for the consistent conclusion that an individual co-owner has no unilateral substantive right to enforce a patent, ie., that another co-owner has a substantive right not to be involuntarily joined in enforcing the patent. Section 262 provides that, absent agreement to the contrary by the patent holders, each patent holder has the right to unilaterally practice the patent. 35 U.S.C. § 262.[4] That right, both before and after enactment of the provision, has been consistently interpreted to include the unilateral right to grant another a license to practice the patent, see Shum v. Intel Corp., 629 F.3d 1360, 1369 (Fed.Cir.2010); Schering, 104 F.3d at 344; Willingham, 555 F.2d at 1344 (“It has been held that a co-owner of a patent can even grant a license to a third party without consent of the other owners and neither the co-owner-licensor nor the third- *1355 party-licensee is liable to the other owners. Talbot v. Quaker-State Oil Refining, 104 F.2d 967 (3d Cir.1939); Bendix Aviation Corp. v. Kury, 88 F.Supp. 243 (E.D.N.Y.1950). See Aberdeen Hosiery Mills Co. v. Kaufman, 96 U.S.P.Q. 133 (E.D.N.Y.1953).”). If a co-owner can unilaterally license third parties, it follows that such a co-owner may decline to sue for infringement, and another co-owner may not unilaterally sue for infringement. Hence the longstanding recognition that “[o]rdinarily, one co-owner has the right to impede the other co-owner’s ability to sue infringers by refusing to voluntarily join in such a suit.” Schering, 104 F.3d at 345.
Changing this court’s approach would disrupt settled precedent of this court, which has not been drawn into question by the Supreme Court. That precedent provides a clear definition of substantive rights that may, then, be altered by contract. The value of stability is especially great for such rights. See Pearson v. Callahan, 555 U.S. 223, 233, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Moreover, allowing involuntary joinder of co-owners might compel them to incur attorney’s fees, subject them to sanctions in exceptional cases under § 285, and disrupt established business relationships with the defendant or related parties.
The rule against involuntary joinder is well established. Changing that rule would upset settled expectations. There is no reason for en banc review.

. See, e.g., Willingham v. Lawton, 555 F.2d 1340, 1343 (6th Cir.1977).

. See, e.g., Indep. Wireless Tel. Co. v. Radio Corp. of Am., 269 U.S. 459, 469, 46 S.Ct. 166, 70 L.Ed. 357 (1926) (explaining that a patent holder holds "the patent in trust for” an exclusive licensee and may therefore be required to serve as a plaintiff on behalf of the exclusive licensee in an infringement action against a third party); see also Abbott Labs. v. Diamedix Corp., 47 F.3d 1128, 1132-33 (Fed.Cir.1995).

. IpVenture's statement, relied on by one of the dissents, that involuntary plaintiffs can be joined under Rule 19, is dicta because that case did not involve co-owners. See IpVenture, Inc. v. ProStar Computer, Inc., 503 F.3d 1324, 1326 (Fed.Cir.2007). That dicta has never been relied upon by any subsequent Federal Circuit case, and it is contrary to this circuit's established law.

.35 U.S.C. § 262 provides: "In the absence of any agreement to the contraiy, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners.”