O’Malley, Circuit Judge, concurring. I agree that we are bound to apply the law of this Circuit that compels the result we reach today. I, thus, must concur in that result. I write separately, however, to explain why I continue to believe that the binding precedent which serves as the predicate for today’s majority opinion is wrong. In particular, I address why the conclusion that a non-consenting co-owner or co-inventor can never be involuntarily joined in an infringement action pursuant to Rule 19 of the Federal Rules of Civil Procedure is incorrect. In the absence of that errant conclusion, the various questions we address in this case would be irrelevant. As I explained in my opinion dissenting from the denial of the petition for rehearing en banc in STC.UNM v. Intel Corp., 767 F.3d 1351 (Fed. Cir. 2014), several things are clear about Rule 19. First, Rule 19(a)(1)(A) provides that “[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party iff ] in that person’s absence, the court cannot accord complete relief among existing parties.” Fed. R. Civ. P. 19(a)(1)(A) (emphasis added). Second, Rule 19, like all other Federal Rules of Civil Procedure, is “as binding as any federal statute.” Stone Container Corp. v. United States, 229 F.3d 1345, 1354 (Fed. Cir. 2000) (“[T]he Federal Rules of Civil Procedure, like the Federal Rules of Criminal procedure, are ‘as binding as any federal statute.’ ” (quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 255, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988))). Third, again, like all other Rules of Civil Procedure, Rule 19 applies in patent cases just as fully as it applies in all other federal civil actions. See, e.g., eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 393-94, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) (rejecting this court’s attempt to develop a rule regarding the right to injunctive relief “unique .to patent disputes,” holding that “the traditional four-factor framework ... governs the award of injunctive relief’). And, finally, it is Rule 19—not substantive judge-made laws governing joinder—that establishes the criteria for assessing join-der. See Provident Tradesmens Bank & Tr. Co. v. Patterson, 390 U.S. 102, 118 n.13, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) (citing with approval to a commentator who noted that “there is no case support for the proposition that the judge-made doctrines of compulsory joinder have created substantive rights beyond the reach of the rulemaking power” (quoting 2 Barron & Holtzoff, Federal Practice & Procedure § 512, n.21.14 (1967 Supp.) (Wright ed.))). And, as Judge Newman wrote in her opinion dissenting from the denial of rehearing en banc in STC.UNM, “Rule 19 is not permissive” despite this court’s precedent that “Rule 19 uniquely does not apply in patent cases.” 767 F.3d at 1355 (Newman, J., dissenting). This precedent represents a “further removal” of patent cases from “the mainstream of the law.” Id. Indeed, the “unique exclusion of patent cases from Federal Rule 19 is as peculiar as it is unjustified,” for “[n]o justification can be found for withdrawing or excluding the co-owner of a patent from access to legal process.” Id. at 1356-57. Despite our precedent, Rule 19(a) provides for the involuntary joinder of a necessary party. The rule states, in relevant part, that: (a) Persons Required to be Joined if Feasible. (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person’s absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person’s absence may: (i) as a practical matter impair or impede the person’s ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff. Fed. R. Civ. P. 19(a)(1)—(2). By its terms, therefore, when a person satisfies the requirements of Rule 19(a), joinder of that person is required. If joinder of a required party is not feasible, Rule 19(b) provides that “the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.” Fed. R. Civ. P. 19(b). That analysis involves consideration of several factors specified in Rule 19(b), including: (1) “the extent to which a judgment rendered in the person’s absence might prejudice that person or the existing parties”; (2) “the extent to which any prejudice could be lessened or avoided”; (3) “whether a judgment rendered in the person’s absence would be adequate”; and (4) “whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.” Fed. R. Civ. P. 19(b)(1)— (4). Recognizing the mandatory nature of Rule 19, one panel of this court has noted, albeit in dictum, that “all entities with an independent right to enforce the patent are indispensable or necessary parties to an infringement suit. When such an entity declines to join in the suit it may be join¿d involuntarily, either as a party plaintiff or party defendant! ] ....” IpVenture, Inc. v. ProStar Comput., Inc., 503 F.3d 1324, 1325-26 (Fed. Cir. 2007) (“[W]e need not reach the question of whether the district court had discretion, in applying Fed. ‡¾. Civ.- P. 19(a), to permit the addition of parties in this case without requiring dismissal and refiling by the plaintiff.”). For its part, the Supreme Court has indicated in a non-patent case that Rule 19—not substantive law—applies when determining who must participate in a lawsuit. See Provident Tradesmens, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936. There, the Third Circuit declined to follow Rule 19, and, instead, held that the right of a person who ‘may be affected’ by the judgment to be joined is a ‘substantive’ right, unaffected by the federal rules; that a trial court ‘may not proceed’ in the absence of such a person; and that since [one party] could not be joined as a defendant without destroying diversity jurisdiction the action had to be dismissed. Id. at 107, 88 S.Ct. 733.[1] The Supreme Court reversed, holding that “Rule 19(b), which the Court of Appeals dismissed as an ineffective attempt to change the substantive rights ... is, on the contrary, a valid statement of the criteria for determining whether to proceed or dismiss in the forced absence of an interested. person.” Id. at 125, 88 S.Ct. 733. There is no dispute over whether co-owners are necessary parties to infringement actions; the question we must address is whether a co-owner’s mere recalcitrance can prevent enforcement of another co-owner’s rights. Rule 19(a) is designed to address circumstances just like those at issue here. See 7 Charles Alan Wright et al., Federal Practice and Procedure § 1606 (3d ed. 2013) (“The joinder of an absent person who should be a plaintiff as an involuntary plaintiff is authorized by the second half of the third sentence of Rule 19(a).... The purpose of this procedure is to mitigate some of the harshness that occasionally results when the joinder of a nonparty is found to be desirable but the nonparty refuses to join in the action.”). Involuntary joinder assumes recalcitrance by the joined party (or, as here, a preference not to participate), but authorizes joinder nonetheless. Rule 19(a) makes no exception for recalcitrant patent owners and we, to date, have not explained from where such an exception derives. See id. (noting that the “most typical application” of Rule 19(a) “has been to allow exclusive licensees of patents and copyrights to make the owner of the monopoly an involuntary plaintiff in infringement suits”). The original cases on which our Rule 19 joinder precedent relies do not proscribe the use of involuntary joinder of co-owners • or co-inventors in patent cases, as our precedent does. Neither Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456 (Fed. Cir. 1998), nor any other case on which it relies specifically holds that a patent co-owner or co-inventor cannot be involuntarily joined under Rule 19(a). Examination of the pertinent case law reveals that repeated references to unsupported dicta have morphed into a hard-and-fast rule from which this court refuses to deviate. In Ethicon, we quoted an earlier Federal Circuit decision for the proposition that “one co-owner has the light .to impede the other co-owner’s ability to sue infringers by refusing to voluntarily join in such, a suit.” 135 F.3d at 1468 (quoting Schering Corp. v. Roussel-UCLAF SA, 104 F.3d 341, 345 (Fed. Cir. 1997)). Sobering, in turn, relied solely on a Sixth Circuit decision—Willingham v. Lawton, 555 F.2d 1340 (6th Cir. 1977)—not on the Patent Act or even preexisting federal common law. But Willingham did not purport to créate any-substantive patent ■ rights. In fact, the Willingham court expressly declined to address the patent co-owner’s argument that it had a substantive right not to be forced to join the action under Rule 19(a). As explained below, Rule 19 was not at issue in either Sobering or Ethicon, and the court in Willingham actually endorsed- the. application of Rule 19(a) on the facts before it. Accordingly, none of these cases supports opr current rule that displaces application of Rule 19. First, the “crux of the problem” in Will-ingham was “whether a co-owner could authorize by contract another co-owner to file suit for patent infringement without the permission of the first co-owner, in an action- in which the unwilling co-owner is joined as an involuntary plaintiff under Rule 19.” 555 F.2d at 1343-44. Although the patent co-owner, Star, argued that “Rule 19(a) is procedural and does not alter the substantive law. requiring voluntary joinder of all co-owners of a patent in a suit for its infringement,” the- court found that it- “need not reach this issue,” because Star waived any objection by signing a contract that-gave either co-owner the right to initiate an infringement action in its sole discretion. Id. at 1343 & n.5. The court further explained that: (1) “[mjaking a patent owner an involuntary plaintiff is not new”; (2) “[jjoining Star as an involuntary plaintiff protects the interests of both the defendants”; and (3) “Rule 19(a) requires the continued joinder of Star as an involuntary plaintiff in the infringement suit.” Id. at 1346. The Sixth Circuit in Willingham recognized’ the “general rule that all co-owners of a patent must be joined as plaintiffs before an infringement suit can be initiated.” Id. at 1343 (citing Waterman v. Mackenzie, 138 U.S. 252, 255, 11 S.Ct. 334, 34 L.Ed. 923 (1891)).[2] It did not-create or purport to create any new substantive patent law right that would trump application of Rule 19, however. Indeed, it expressly stated it was not addressing that question because it found any rights'Star might have had on that score to have been waived. Id. at 1343 n.5 (comparing Provident Tradesmens, 390 U.S. at 118 n.13, 125, 88 S.Ct. 733 (recognizing that Rule 19(b) is “a valid statement of the criteria for determining whether to proceed or dismiss in the forced absence of an interested person” and that “judge made doctrines of compulsory joinder” do not create substantive rights falling outside the reach of the rule), with Gibbs v. Emerson Elec. Mfg. Co., 29 F.Supp. 810, 812 (W.D. Mo. 1939) (concluding that “it appears that one joint owner or coowner or tenant in common of a patent right cannot compel the other coowner to join in a suit for an infringement”)). Schering involved a dispute between two co-owners of a pharmaceutical patent: Schering and Roussel. Schering sued Zeneca for infringement, and two weeks later, Roussel granted a license to Zeneca. Schering argued that the terms of its co-ownership agreement with Roussel—which provided that, “if one of the corowners files an infringement suit, it can call on the non-suing co-owner to provide ‘reasonable assistance’ in connection with the litiga; tion”—meant that the non-suing party could not grunt a license to a defendant or prospective defendant. Schering, 104 F.3d at 345-46, Undertaking a contract, analysis, we held that nothing in the agreement limited-the right to grant licenses under the patent, but that “the grant of a license by one co-owner cannot deprive the other co-owner of the right to sue for accrued damages for past infringement.” Id. at 345. Involuntary joinder was not at issue on appeal in Schering because,'at the district court level, “Schering joined Roussel as'an involuntary plaintiff pursuant to1 Rule 19(a).” Schering Corp. v. Zeneca Inc., 958 F.Supp. 196, 197 (D. Del. 1996); see Schering, 104 F.3d at 346 (noting that the “co-ownership agreement made Roussel subject to being named as an -involuntary plaintiff in an infringement action brought by Schering”). Accordingly, this court in Schering did not address or analyze Rule 19; it proceeded on the assumption that joinder under Rule 19(a) had occurred and that no objection to it had been raised-on appeal. While we did cite the Sixth Circuit’s Willingham decision for the proposition that, “[ojrdinarily, one co-owner has the right to impede the other co-owner’s ability to sue infringers by refusing to voluntarily join,” the “impediment” to which we referred was not due to non-joinder or a “refus[al] to voluntarily join”—it was .due to the co-owner’s decision to license the patent to the accused infringer prospectively. Schering, 104 F.3d at 345 (citing Willingham, 555 F.2d at 1344), We explained that, “by granting a license to a prospective infringement de- . fendant, or to a defendant that has already been sued for infringement, a patent co-owner can effectively deprive its fellow co-owner of the right to sue for and collect any infringement damages that accrue after the date of the license.” Id. (emphasis added). Again, we never said a coowner could deprive a fellow co-owner of his or her rights merely by not joining in an infringement action. In Ethicon, the co-owner of the patent— Dr. Choi—granted a “retroactive license” to the accused infringer—U.S. Surgical— and thus could not consent to an infringement suit against it. Ethicon, 135 F.3d at 1458-59. Because the parties stipulated to Choi’s intervention as defendant-interve-nor in the case, the majority neither cited nor discussed Rule 19. Id. at 1458. Instead, the court focused on the scope of the “retroactive license.” Specifically, the court found that: (1) “a license to a third party only operates prospectively;” and (2) absent agreement otherwise, “a co-owner cannot grant a release of another co-owner’s right to accrued damages.” Id. at 1467 (concluding that “Choi cannot release U.S. Surgical from its liability for past accrued damages to Ethicon, only from liability to himself’). In the context of its retroactive licensure discussion, the court explained that, “as a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs in an infringement suit.” Id. at 1468.[3] The court did not cite any authority for this so-called “substantive patent law,” but subsequently cited Schering for the proposition that one co-owner can “impede” the other co-owner’s ability to pursue an infringement action. Id. (quoting Schering, 104 F.3d at 345). As in Schering, however, Choi’s ability to “impede” Ethi-con’s infringement action was not due to non-joinder, particularly since Choi was already a voluntary party to the case. Instead, it was because Choi had granted a license to U.S. Surgical. The court concluded that dismissal was warranted because “Choi did not consent to an infringement suit against U.S. Surgical and indeed can no longer consent due to his grant of an exclusive license,” and thus “Ethicon’s complaint lacks the participation of a co-owner of the patent.” Id. Because the court’s decision in Ethicon did not involve joinder or Rule 19, it cannot stand for the proposition that Rule 19 cannot be invoked to force joinder when no license impedes doing so. The majority in Ethicon did not discuss joinder under Rule 19, did not purport to harmonize the requirements of Rule 19 with preexisting substantive patent law, and—because the decision was focused on licensing issues—did not create any new principles of law applicable to future cases involving the involuntary joinder of patent co-owners. Importantly, the Ethicon majority’s silence cannot be evidence of its position with respect to Rule 19, even though the dissenting opinion discussed the rule. Id. at 1472 (Newman, J., dissenting) (“There is no barrier to the involuntary joinder of a joint inventor and/or co-owner under Rule 19, if such is needed to bring before the court all persons deemed necessary to the suit.”); see United Haulers Ass’n v. Oneida-Herkimer Solid Waste Mgmt. Auth., 261 F.3d 245, 260 (2d Cir. 2001) (“[W]e require more than the Court’s silence on this point before concluding that it either rejected or accepted the public/private distinction advocated by the concurring and dissenting opinions.”). Although our Ethicon decision was not based on Rule 19, we subsequently stated that it “explicitly held that Rule 19 does not permit the involuntary joinder of a patent co-owner in an infringement suit brought by another co-owner.” DDB Techs,, L.L.C. v. MLB Advanced Media, L.P., 517 F.3d 1284, 1289 n.2 (Fed. Cir. 2008) (citing Ethicon, 135 F.3d at 1468). It is unclear, however, why the court in DDB Technologies would say that Ethicon made an explicit holding with respect to Rule 19 when it was not even mentioned in the majority opinion. In any event, the reference to Ethicon in DDB Technologies was dictum because the sole issue before the court in that case dealt with entitlement to jurisdictional discovery. Id. at 1286 (“[W]e hold that the district court erred in denying DDB’s request for jurisdictional discovery.”).[4] Tracing the origin of our so-called rule of substantive patent law makes clear that, prior to our decision in STC.UNM v. Intel Corp., 754 F.3d 940 (Fed. Cir. 2014), we had never explicitly held that one patent co-owner cannot involuntarily join the other. Neither Sobering nor Ethicon made any pronouncements on involuntary join-der that were necessary to the resolution of those cases. There is no preexisting federal common law supporting the court’s declaration in STC.UNM of a substantive patent right that wholly trumps application of Rule 19. Moreover, it is well established that, absent any agreement to the contrary, “each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners.” 35 U.S.C. § 262. Given these rights, the Ethicon court declared that “the congressional policy expressed by section 262 is that patent co-owners are ‘at the mercy of each other.’” Ethicon, 135 F.3d at 1468 (quoting Willingham, 555 F.2d at 1344). Nothing in § 262 suggests that one co-owner can deprive the others of their rights to enforce the patent. Indeed, we have recognized that “[a] patentee’s right to exclude is'a fundamental tenet of patent law.” Edwards Lifescis. AG v. CoreValve, Inc., 699 F.3d 1305, 1314 (Fed. Cir. 2012) (citations omitted). And § 262 specifically provides that each co-owner has an independent right to practice the patent. It therefore seems inconsistent to say that each co-owner has an independent right to practice the patent, but that they may prevent one another from enforcing the fundamental right of exclusion solely because they “preferí ] to take a neutral position.” See STC.UNM, 754 F.3d at 943. Finally, the Patent Act provides that “[a] patentee shall have remedy by civil action- for infringement of his patent.” 35 U.S.C. § 281 (emphasis added). In other words, each co-owner has a right to file a civil action to enforce the patent. But the effect of our current precedent is that, if a patent co-owner refuses to join the infringement suit voluntarily as a plaintiff, it can prevent the other owner from obtaining judicial relief for accrued damages. If that were the cáse, then § 281’s statutorily-mandated right to a civil action would have, little, meaning. Accordingly, while there may be some other support for our precedent’s 'so-called overriding “substantive right” against involuntary joinder in patent infringement cases, our decisions have provided no statutory basis for this rule,' which actually appears inconsistent with several provisions of the Patent Act. Rather than once again exempting patent, law from the rules that govern all federal litigation, we should either: (1) clarify the basis for our so-called substantive right against involuntary joinder in patent infringement cases and explain why it can overcome the dictates of Rule 19; or (2) hold that Rule 19, including the provisions for involuntary joinder set forth therein, applies to cases such as this one. For these reasons, I respectfully suggest that our Rule 19 precedent should be reconsidered en banc by this court. Because I must abide by that precedent in deciding this case, however, I concur in the judgment. . At the outset, the Court noted that the absent party fell within the category of persons who should be "joined if feasible" under Rule 19(a), but “could not be made a defendant without destroying diversity.” Provident Tradesmens, 390 U.S. at 108, 88 S.Ct. 733. Because Rule 19(a) provides that joinder cannot deprive the court of subject-matter jurisdiction, the Court focused its analysis on Rule 19(b), which asks whether the court should dismiss the action or proceed without the absent party. Id. at 108-09, 88 S.Ct. 733. The Court’s discussion of the interplay between alleged substantive rights and Rule 19 remains relevant to consideration of this issue, even though it occurred when discussing Rule 19(b) rather than Rule 19(a). . In Waterman, the Supreme Court explained that a patentee or his assignee may grant and convey to another: (1) the whole patent; (2) an undivided part or share of that exclusive right; or (3) “the exclusive right under the patent within and throughout a specified part of the United States.” 138 U.S. at 255, 11 S.Ct. 334. "A transfer of either of these three kinds of interests is an assignment, properly speaking, and vests in the assignee a title in so much of the patent itself, with a right to sue infringers; in the second case, jointly with the assignor; in. the. first and third cases, in the name of the assignee alone.” Id. Importantly, the “development of the practice of joining a party as an involuntary plaintiff was a .response” to Waterman. 7 Charles Alan Wright et al., Federal Practice and Procedure § 1606 (3d ed. 2013). . The court recognized two exceptions: (1) "when any patent owner has granted an exclusive license, he stands in a relationship of trust to his licensee and must permit the licensee to sue in his name”; and (2) "[i]f, by agreement, a co-owner waives his right to refuse to join suit, his co-owners may subsequently force him to join in a suit against infringers.” Ethicon, 135 F.3d at 1468 n.9 (citing Indep. Wireless Tel. Co. v. Radio Corp. of Am., 269 U.S. 459, 469, 46 S.Ct. 166, 70 L.Ed. 357 (1926); Willingham, 555 F.2d at 1344-45). As the dissent in STC.UNM points out, it makes little sense to say “that when an infringement suit is brought by an exclusive licensee, the patent owner can be joined; but when an infringement suit is brought by a co-owner, the other co-owner cannot be involuntarily joined.” STC.UNM, 754 F.3d at 951 (Newman, J., dissenting). . Other decisions from this court have perpetuated the idea that all co-owners must ordinarily join as plaintiffs in' an infringement suit, but, again, Rule 19(a) was neither raised nor addressed in those cases. See Isr. Bio-Eng’g Project v. Amgen, Inc., 475 F.3d 1256, 1264 (Fed. Cir. 2007) (citing Ethicon and Schering to find that “one co-owner has the right to limit the other co-owner’s ability to sue infringers by refusing to -join voluntarily in the patent infringement suit”); Int'l Nutrition Co. v. Horphag Research Ltd., 257 F.3d 1324, 1331 (Fed. Cir. 2001) (citing Ethicon for the proposition that United States patent law “requires that all co-owners normally must join as plaintiffs in an infringement suit"). Mere repetition of dicta—without any accompanying analysis and without consideration of Rule 19—cannot give rise to a substantive patent right sufficient to overcome application of that rule.